IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TAMEKA JONES o/b/o D.O.,

    Plaintiff,

v.                                     Civil Case No.: SAG-17-751

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

    Defendant.

## MEMORANDUM OPINION

On March 20, 2017, Plaintiff Tameka Jones, who proceeds *pro se*, petitioned this Court to review the denial of her claim for Children's Supplemental Security Income ("SSI") on behalf of her minor son, D.O. [ECF No. 1]. The Commissioner filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), on the grounds that Ms. Jones failed to exhaust her administrative remedies prior to filing her complaint. [ECF No. 14]. On July 10, 2017, the Clerk's Office mailed a Rule 12/56 letter to Ms. Jones to explain the potential consequences of failing to respond to the Commissioner's Motion to Dismiss. [ECF No. 15]. On July 21, 2017, Ms. Jones requested an extension of time to respond, which I granted through August 28, 2017. [ECF Nos. 16, 17]. Ms. Jones did not file a response. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons explained below, I will grant the Commissioner's Motion to Dismiss.

    I.      FACTS

On August 17, 2004, Ms. Jones filed for SSI benefits, which resulted in an award to her minor son, D.O. [ECF No. 14-2, at 3(a)]. Following a continuing disability review, D.O.'s

benefits ceased on April 22, 2014. *Id.* On August 19, 2014, the cessation was upheld on reconsideration. *Id.* At Ms. Jones's request, the Social Security Administration ("SSA") scheduled a hearing before an Administrative Law Judge ("ALJ") for August 26, 2016. *Id.* at 3(b). On July 20, 2016, the SSA mailed a Notice of Hearing, which reminded Ms. Jones that failure to appear at the scheduled hearing without good cause could result in dismissal of the claimant's request for hearing. [ECF No. 14-2, Exh. 1]. The Notice of Hearing also asked Ms. Jones to return an enclosed Acknowledgement of Receipt, which she signed and returned by mail. *Id.*

Ms. Jones failed to appear at the hearing. *Id.* On August 26, 2016, the SSA mailed a Notice to Show Cause for Failure to Appear. *Id.* After Ms. Jones failed to respond to the notice within ten days, the ALJ issued an order of dismissal on September 21, 2016. *Id.* On November 23, 2016, Ms. Jones requested review of the ALJ's order of dismissal, and the Appeals Council denied the request for review on February 3, 2017. [ECF No. 14-2, at 3(c)]. Ms. Jones filed the instant action on March 20, 2017. [ECF No. 1].

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). While the plaintiff bears the burden of proving that a court has jurisdiction over the claim or controversy at issue, a Rule 12(b)(1) motion should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010); *see also Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). In a motion to dismiss for lack of subject matter jurisdiction, the pleadings should be regarded as "mere evidence on the issue," and courts may "consider

2

evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans*, 166 F.3d at 647.

### III. ANALYSIS

The Commissioner argues that this Court lacks jurisdiction over Ms. Jones's appeal because she failed to exhaust her administrative remedies and is not appealing from a final decision. Under sections 205(g) and 205(h) of the Social Security Act, an individual may only obtain judicial review of the Commissioner's "final" decision after she has exhausted all administrative remedies. 42 U.S.C. §§ 405(g)-(h). Because there is no formula for determining whether a decision is final, the meaning of that term is left to federal and state agencies to define by regulation. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Section 405(g) of the Social Security Act provides that "any individual, after any final decision of the Commission made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action[.]" 42 U.S.C. § 405(g). In Ms. Jones's case, no hearing was ever held. The ALJ dismissed Ms. Jones's claim pursuant to 20 C.F.R. § 416.1457(b), because she failed to appear for her hearing.

Regarding a similar issue, the Fourth Circuit has held that an Appeals Council's refusal to review an ALJ's dismissal of an untimely request for review did not constitute a final decision, because the claimant did not exhaust his administrative remedies in failing to properly request review of his case. *Adams v. Heckler*, 799 F.2d 131, 133 (4th Cir. 1986). The Fourth Circuit reasoned that "[s]uch action does not address the merits of the claim, and thus cannot be considered appealable[.]" *Id.* (citing *Smith v. Heckler*, 761 F.2d 516, 518 (8th Cir. 1985)). Moreover, the Fifth Circuit held that a federal court does not have jurisdiction over the appeal of an Appeals Council's decision to uphold an ALJ's dismissal of a request for a hearing, where dismissal occurred due to the claimant's failure to appear. *Brandyburg v. Sullivan*, 959 F.2d 555,

558–59 (5th Cir. 1992). The Fifth Circuit reasoned that "dismissal on procedural grounds at the administrative stage . . . deprives the district court of jurisdiction under section 405(g)." *Id.* at 562; *see also Estate of Lego v. Leavitt*, 244 F. App'x 227, 232 (10th Cir. 2007) (recognizing that "district courts lack jurisdiction to review an ALJ's procedural dismissal under § 416.1457").[1] I concur with the reasoning in those decisions. Because Ms. Jones's appeal was dismissed on procedural grounds due to her failure to appear at her hearing, this Court lacks jurisdiction to hear her appeal.

IV. **CONCLUSION**

For the foregoing reasons, the Commissioner's Motion to Dismiss, [ECF No. 14], is GRANTED, and the Clerk is directed to CLOSE this case.

A separate order follows.

Dated: September 18, 2017

/s/
Stephanie A. Gallagher
United States Magistrate Judge

---

[1] Other district courts have held specifically that federal courts have no jurisdiction when an ALJ dismisses a claim without a hearing. *Nelson v. Barnhart*, No. Civ.A. 03-842-A, 2003 WL 24122717, at *2 (E.D. Va. Dec. 19, 2003).

4